### In re WRIGHT–DANA HARDWARE CO.

(District Court, N. D. New York. May 19, 1913.)

BANKRUPTCY (§ 165*)—PREFERENCES—POSSESSION OF PROPERTY.

Where claimant, on the day bankruptcy adjudication against his debtor was entered, repossessed itself of certain paint in the warehouse of the bankrupt, which in fact belonged to claimant, such taking of its own property did not amount to a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Wright-Dana Hardware Company. On petition to review an order of a referee allowing the claim of the Warren Paint Company at $3,529.82. Affirmed.

Charles B. Mason, of Utica, N. Y., for claimant.
Martin & Jones, of Utica, N. Y., for trustee.

RAY, District Judge. This matter was once before this court, and sent back for ·a new trial. 199 Fed. 632. On the second trial the theory of· the claimant was in some very material respects wholly changed. On the first hearing the claimant took the position that all the paint in question was sent the bankrupt on consignment, and that all the proceeds of sales less certain commissions, etc., belonged to the Warren Paint Company, and there was no claim the bankrupt company had any right to take paint from time to time as purchaser from the Paint Company and sell as its own. There were certain facts. shown or letters produced utterly inconsistent with this claim or

theory of the Paint Company that it owned all the paint and all the proceeds of sales. On the second trial the Warren ·Paint Company took the position that all the paint in question was with the Wright-Dana Hardware Company. on consignment, title absolute in the Paint Company, but with the right in the Hardware Company under the agreement to take such of this paint from time to time as it desired for sale to its customers, and that when it took paint for this purpose it became indebted to the Paint Company therefor, and that for such indebtedness the notes in question were given, except as to that part of the claim resting in open account.

On the day of the adjudication in bankruptcy the Warren Paint Company repossessed itself of all the paint then in the warehouse of the bankrupt as its own, and the trustee claims that by so doing it received a preference, and cannot prove and have its claim allowed until it has surrendered such preference. It is self-evident that if the paint taken by the Warren Paint Company was its own property, absolute, it had the right to take possession, and that the taking created no preference.

The claimant, Warren Paint Company, on this last trial has produced some strong evidence tending to show that its present contention is true, and a question of fact was presented which the referee has solved in favor of the claimant. In the main the contention of the trustee that this paint belonged to the bankrupt was based on letters and certain bills, which, unexplained, would tend very strongly to sustain the contention of the trustee. But these documents, read in the light of the explanations and fact, if it was a fact, as the referee has found, that all the paint belonged to the Paint Company when in the bankrupt's storehouse, with the right in it to take such as it wanted for sale to its own customers, and that as to such it became the debtor of the Paint Company, do not necessarily establish or show ownership of the paint in the bankrupt company, but are consistent with ownership in the Paint Company. On the first trial certain witnesses who knew the facts, or who claim to. know them, were not present. On this trial they were present and gave their version of the case. The referee saw and heard them, and this court cannot say it was error to give them full credit. The court should not reverse the finding of a referee on disputed questions of fact, except for substantial errors in rulings, or when the findings are clearly contrary to or unsupported by the evidence. I cannot say this ·is the condition here, and the order of the referee must therefore be affirmed.

So ordered. ·